JOSEPH DEANGELIS *d.b.a.* NEW ENGLAND PLASTERERS *vs.* CARMINE D'ANGELO.

DECEMBER 6, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J.   This is an employer's petition to review a preliminary agreement or decree under the workmen's compensation act.   The case is before us on the employee's appeal from a decree of the full commission affirming the decree of the trial commissioner which contained a single finding of fact, namely, "The respondent is no longer incapacitated either totally or partially as a result of the injury set forth in the preliminary agreement and has regained his earning capacity," and ordered that "The petitioner may suspend further payment of compensation to the respondent."

From the records it appears that while working for petitioner on May 3, 1960 and in the act of carrying a barrel, respondent tripped and fell and thereby sustained a fracture of the external malleolus of the right fibula.   A preliminary agreement for compensation was entered into whereby pay-

ments for total incapacity were made at the rate of $32 per week beginning on May 4, 1960.

Thereafter following a hearing on a petition for review by the employer, a decree was entered July 26, 1961 finding the employee only partially incapacitated. It ordered petitioner to continue to pay weekly compensation for total incapacity, and also ordered respondent to make a bona fide effort to obtain work, the compensation payments to be reduced to partial incapacity when respondent resumes gainful employment, and to cooperate in a course of treatment at the Dr. John E. Donley Rehabilitation Centre.

On September 8, 1961 the employer filed another petition to review the preliminary agreement or decree on the ground that the employee's incapacity had ended or diminished. This is the petition presently before us. It was heard by a single commissioner at which time respondent was represented by counsel. During the several continuations of the hearing it appeared that respondent searched for work but had found none, and that he continued to receive compensation for total incapacity under the existing decree. The respondent also testified that he was treated for approximately four weeks at the rehabilitation centre, and that he was then discharged by the medical director Dr. Arthur E. Martin, who stated there had been no improvement in his condition notwithstanding the curative centre had rendered all the service of which it was capable and recommended that a psychiatric examination be given him.

Doctor G. Edward Crane testified that he examined respondent on October 11 and 30, 1961; that he had received an oblique fracture of the right fibula at the level of the ankle joint; that the ankle appeared normal without any objective evidence of residual injury; and that X rays taken on April 19, 1961 showed no exuberant callous or anything of that nature to indicate there might be some trouble in the ankle.

The respondent testified that he still got pain in his leg when he walked without a cane and an elastic bandage.

The commissioner commented in his decision that respondent had produced neither a report of his attending physician Dr. A. A. Savastano nor the doctor himself. He found that respondent was no longer totally or partially incapacitated as a result of his injury and had regained his earning capacity. He therefore ordered that further payments of compensation be suspended and thereupon on November 28, 1961 entered a decree to that effect. On respondent's appeal therefrom to the full commission it was affirmed.

The appeal to this court raises the question whether respondent on March 29, 1962 was incapacitated either totally or partially as a result of the injury received on May 3, 1960 while in the employ of petitioner.

The respondent was represented by counsel in the hearings before the workmen's compensation commission, but argued in this court the following nine issues:

"1. Said Decision and Decree misconstrued the law and the evidence and the findings were against the law and the evidence.

"2. The Full Commission was in error in denying respondent's motion to have second Trial Commissioner, who heard and decided case to disqualify himself from hearing this appeal.

"3. The Full Commission was in error in concluding that a reasonable inference may be drawn from the petitioner's physician's testimony, in the absence of the physician to state specifically in either his report or testimony, that the respondent is able to return to the same type of work at the time of the accident.

"4. The Full Commission was in error in concluding that the respondent was not prejudiced by the transfer of the hearing from the first Trial Commissioner to a second Commissioner.

"5. The Full Commission was in error in concluding that there is nothing in the Transcript to show that the Trial Commissioner exceeded his authority in pre-

venting the respondent from conferring with counsel.

"6. The Full Commission was in error in concluding that the respondent was not prejudiced in having to answer question regarding third party suit.

"7. The Full Commission was in error in raising the question for the first time by itself in the Decision that the respondent failed to make a bona fide search for work.

"8. The Full Commission was in error in concluding that the preliminary agreement which did not describe the full and exact injuries cannot be litigated.

"9. The respondent was denied due process of law, as a result of a lack of sufficient notice, not properly represented by counsel, and subsequently was deprived of and prevented from engaging counsel in carrying out his appeals to the Full Commission and to the Supreme Court."

In his argument under issues 1, 3 and 7 respondent agrees that he is able to work but states he is unable to resume the same type of work that he was doing when injured. He asserts that there is insufficient evidence upon which to find that he has regained his earning capacity. He refers to the fact that he was in attendance at the Dr. John E. Donley Rehabilitation Centre for a period of four weeks at which time Dr. Arthur E. Martin, medical director, stated there had been no improvement; that he was being discharged because he felt that the centre had rendered all the service of which it was capable; and that Dr. Martin suggested a psychiatric examination.

He gives an excerpt from an examination made by Dr. Crane on October 11, 1961, namely, "From an objective point of view on examination today, there is no evidence of any residual injury to his right ankle and foot, and I see no reason why he should not be able to work." The respondent then states that, because Dr. Crane has failed to state specifically either in his report or testimony what type of work he, respondent, is able to perform or that he is able to resume the same type of work he was doing at

the time of the accident, the doctor's testimony does not support the finding of fact.

The respondent argues further that he is supported by Dr. Crane's testimony that there was no way in which he could determine objective pain. He also asserts that he complied with the trial commissioner's order to seek work daily; that there was no question raised at any time of his failure to seek work; that therefore he was entitled to total compensation; and that on a petition for review to reduce or terminate compensation the burden of proof is on the employer, citing *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37.

Under issue 2 respondent contends that he was denied an impartial hearing since when he came before the full commission two of the three commissioners had previously found against him. He asserts that his motion to have the second trial commissioner who heard his case disqualified from hearing his appeal should have been granted. Under the law his motion could not be granted. A complete answer to respondent's contention is found in *Cairo* v. *Sayles Finishing Plants, Inc.,* 83 R. I. 297, at page 301, where the court held that appellate jurisdiction had been conferred only on the full commission.

Under issue 4 respondent contends that he was prejudiced by the fact that his case was heard initially by one commissioner and later by another commissioner. It is a fact that respondent's case was heard by one commissioner on a petition for review and somewhat later by another commissioner on a second such petition. The respondent takes nothing from this fact. The two hearings were separated by an interval of two months. Neither an employer nor an employee is entitled to a particular commissioner any more than a party in the superior court is entitled to select a particular justice for the trial of his case.

Under issue 5 respondent alleges error on the part of the full commission in concluding that there was nothing in the transcript to show that the trial commissioner exceed-

ed his authority in preventing respondent from conferring with his counsel. Reference is made to a page of the transcript where it would seem that Mr. Goldberg, counsel for respondent, in the midst of a question to Dr. Crane who was on the stand, turned to speak to his client and the commissioner said, "Mr. Goldberg, you're trying this case, not your client. Let's proceed." From the transcript it would seem that respondent was speaking to his lawyer and possibly suggesting a question. The transcript does not reveal more and there is nothing therein from which one can gather that respondent was in any way prejudiced by what took place.

Under issue 6 respondent contends that the decision to suspend payments and also the finding that respondent had regained his earning capacity were based or influenced in whole or in part upon a third-party suit by respondent which was then pending in the superior court and assigned for trial to a date two months away. When respondent was asked if he had an action pending in the superior court to collect damages from a third party for the fracture of the ankle, the commissioner instructed him to answer yes or no. The respondent argues that he was prejudiced by being required to answer the question. It is our opinion that no prejudice resulted therefrom. The respondent had a right under the law to sue the party allegedly causing his accident and we see no reason for finding that the commissioner was influenced in his decision by the fact that respondent was suing such party.

Under issue 8 respondent contends that the preliminary agreement did not describe the full and exact injuries received by him. The agreement signed by respondent states under "Nature and location of injury," "Fracture, external malleolus right fibula," and it provides for the maximum weekly payment, namely, $32 per week. The respondent contends that X rays taken at the hospital revealed the ankle broken in two places. Assuming the fact to be as

stated by respondent it does not appear that he has been prejudiced since he was paid the maximum under the law of $32 per week.

Issue 9 in effect charges, among other things, former counsel in the case with a lack of preparation for the hearings before the commission. Assuming that such charges have some foundation they are nevertheless not matters of which we can take cognizance on the instant appeal.

All of the points which the respondent has made in oral argument and in his brief have been given careful attention and we find them to be without merit.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

## Motion for Reargument
### December 28, 1962.

Per Curiam. After our decision in the above cause was filed, the respondent was granted permission to present a motion for reargument. Pursuant thereto he has filed such a motion setting out therein the particular reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.